IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TINA MARIE FRANKLIN                                                                                          PLAINTIFF

v.                                          NO. 3:10CV00105 HDY

MICHAEL J. ASTRUE,                                                                                          DEFENDANT
Commissioner of the Social
Security Administration

MEMORANDUM OPINION AND ORDER

BACKGROUND. In the fall of 2006, plaintiff Tina Marie Franklin ("Franklin") commenced the administrative portion of this case by filing an application for supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). Her application was denied initially and upon reconsideration. She thereafter requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). After two such hearings, the ALJ issued a decision adverse to Franklin on September 17, 2009, and she appealed. The ALJ's decision was affirmed by the Appeals Council, and the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). Franklin then commenced the judicial portion of this case by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, she challenged the Commissioner's final decision.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. It requires the Court to consider the weight of the evidence in the record and apply a balancing test to evidence which is contrary. See Heino v. Astrue, 578 F.3d 873 (8th Cir. 2009).

THE ALJ'S FINDINGS. The ALJ made findings pursuant to the five step sequential evaluation process. At step one, the ALJ found that Franklin has not engaged in substantial gainful activity since at least April 23, 2006, the alleged onset date. At step two, he found that she has the following severe impairments: "degenerative disc disease of the cervical and lumbar spine, status-post two surgeries and asthma …" See Transcript at 13. At step three, he found that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the governing regulations. The ALJ then assessed Franklin's residual functional capacity and found that she is capable of performing an expanded range of sedentary work. In so finding, he discounted her subjective complaints because they were not fully credible. At step four, he found that she is incapable of returning to her past relevant work. At step five, he found that considering her residual functional capacity, age, education, and work experience in conjunction with the testimony of vocational expert, jobs exist in significant numbers in the national economy that Franklin can perform. Given the foregoing findings, the ALJ concluded that she was not disabled within the meaning of the Act for the period from "April 23, 2006, at least through the date of [the] decision." See Transcript at 14.

FRANKLIN'S ASSERTIONS OF ERROR. Are the ALJ's findings supported by substantial

evidence on the record as a whole? Franklin thinks not and advances the following reasons why: (1) he failed to fully develop the record with regard to her mental impairment, (2) the medical evidence establishes that her back disorders meet or equal a listed impairment, (3) he failed to properly consider her subjective complaints, and (4) the hypothetical question posed to the vocational expert did not include all of Franklin's impairments.

FRANKLIN'S MENTAL IMPAIRMENT. Franklin first maintains that the ALJ failed to fully develop the record with regard to her mental impairment. She maintains that he failed to order a consultative examination, the results of which would have buttressed the medical evidence as to the impairment. Notwithstanding the absence of such results, though, she maintains that his finding as to the impairment is not supported by substantial evidence on the record as a whole.

The ALJ has an obligation to fully develop the record. See Battles v. Shalala, 36 F.3d 43 (8th Cir. 1994). There is no bright line test for determining whether the ALJ fully developed the record; the determination is made on a case by case basis. See Id. It involves examining whether the record contains sufficient information for the ALJ to have made an informed decision. See Pratt v. Asture, 372 Fed.Appx. 681 (8th Cir. 2010). With regard to obtaining a consultative examination, it is reversible error for an ALJ not to obtain such an examination when it is necessary to make an informed decision. See Freeman v. Apfel, 208 F.3d 687 (8th Cir. 2000).

In developing the record at step two, the ALJ must identify the claimant's

impairments and determine whether they are severe. An impairment is severe if it has "more than a minimal effect on the claimant's ability to work." See Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1992) [internal quotation omitted]. The determination at step two is strictly a medical one. See Bowen v. Yuckert, 482 U.S. 137 (1987).

The record reflects that the ALJ did not order a consultative examination of Franklin's mental condition. He instead considered the medical evidence, noted the diagnosis of depression with anxiety, and addressed it in the following manner:

> The claimant has been diagnosed with depression with anxiety by her treating physician as of December 2008. ... Prior to that, her mental status was normal. ... She reports that she was prescribed Lexapro in 2009. ... Because it is not clear that any depression will last 12 months, or that medications will not control it, her depression is not found to be severe for purposes of determining Social Security disability.
>
> ...
>
> The claimant does not meet the durational requirement for a severe impairment. Further, she has no significant limitations from any mental impairment. She reports no significant problems in performing activities of daily living from depression. She also reports that she gets along well with authority figures and socializes actively with family and friends. ... As discussed above, she has no problems with concentration or attention. Any depression does not appear to affect her persistence or pace either. She has had no extended episodes of decompensation from depression. She also does not meet the "C" criteria in the mental Listings. The undersigned finds that the claimant does not meet the requirements of any Listing in the Listing of Impairments. Listings consider include ... 12.04.

See Transcript at 10-12.

Substantial evidence on the record as a whole supports the ALJ's finding that

Franklin's mental condition is not severe as it does not have more than a minimal effect on her ability to work or, alternatively, it appears to be controlled by medication. Although it is true that she was prescribed Xanax and Cymbalta in the spring of 2007, medication sometimes used to treat depression and generalized anxiety disorders, the medical records for that period do not reflect a diagnosis of, or treatment for, a mental impairment. See Transcript at 265-266, 285-286, 294-297, 313-314. Instead, the medical records reflect that she was being treated for pain management. Why, then, would Xanax and Cymbalta have been prescribed? It is not clear, although she represented in her application materials that she was prescribed Xanax as a "sleep aid," see Transcript at 163, and Cymbalta can be used to treat pain. The medical records establish, in short, that her mental condition prior to December of 2008 was largely unremarkable. See Transcript at 346-347, 349-350, 355-356, 361-362, 369-370, 414-415.

In December of 2008, Dr. Henry Allen ("Allen") diagnosed Franklin with "depression with anxiety." See Transcript at 490. He made no mention, though, of the medical evidence supporting his diagnosis. In fact, he made no mention of any evidence, medical or otherwise, supporting his diagnosis. He prescribed Lexapro but did not indicate that his diagnosis gave rise to any functional limitations. The medical records for the period from December of 2008 forward do not reflect, and Franklin has not identified, another similar diagnosis, any evidence whatsoever tending to support a similar diagnosis, or any functional limitation caused by a mental impairment.

Alternatively, it is axiomatic that "[a] medical condition that can be controlled by

treatment is not disabling." See Warford v. Bowen, 875 F.2d 671, 673 (8th Cir. 1989). There is nothing to suggest that the Lexapro prescribed by Allen does not adequately treat Franklin's symptoms of depression with anxiety.

Franklin faults the ALJ for failing to order a consultative examination. The Court has examined the record to determine whether it contains sufficient information for the ALJ to have made an informed decision. The Court is satisfied that the record contains sufficient information. It contains a number of Franklins' records, and she has not identified any record that should have been included in the record but was not.

The Court finds that the ALJ fully developed the record with regard to Franklin's mental impairment. Substantial evidence on the record as a whole supports his decision that the impairment is not severe as it does not have more than a minimal effect on her ability to work or, alternatively, it appears to be controlled by medication.[1]

FRANKLIN'S BACK DISORDERS. Franklin next maintains that her back disorders meet or equal a listed impairment. She specifically maintains that her back disorders meet or equal Listing 1.04.[2]

At step three, the ALJ must determine whether a claimant's impairments, when

---

[1] The ALJ also discounted the severity of Franklin's depression because it was not clear that it would last twelve months. See Transcript at 10. The Court takes no position on the ALJ's finding as there are other adequate reasons for affirming the finding.

[2] Paragraph (A) of Listing 1.04 addresses disorders of the spine resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. The paragraph requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflecx loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."

considered individually and in combination, meet or equal a listed impairment. See Raney v. Barnhart, 396 F.3d 1007 (8th Cir. 2005). In order to meet a listed impairment, the claimant's impairment must "meet all of the specified medical criteria." See Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995) [emphasis in original] [quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990)]. In order to equal a listed impairment, the claimant's must "present medical findings equal in severity to all the criteria for the one most similar listed impairment." See Id. [emphasis in original] [quoting Sullivan v. Zebley, 493 U.S. at 531]. The determination at step three is strictly a medical determination. See Cockerham v. Sullivan, 895 F.2d 492 (8th Cir. 1990).

The record reflects that the ALJ conducted two administrative hearings in this case. He concluded the first hearing by noting that Franklin had been involved in separate automobile accidents since she had been examined by the state agency physicians. Because the ALJ had some concern about the record, he kept it open and ordered that she be seen by an orthopedic specialist. See Transcript at 45.

Franklin was thereafter seen by Dr. Patricia Knott ("Knott"), who made findings that were consistent with those made by Franklin's treating physicians. See Transcript at 501-508. Knott found that Franklin has a reduced range of motion in the cervical and lumbar portions of her spine lumbar and her capacity for postural activities was significantly reduced but nevertheless found that she was capable of performing activities consistent with sedentary work.

The ALJ then convened a second administrative hearing at which Franklin testified,

as did a vocational expert. Franklin testified to, <u>inter alia</u>, the pain she is experiencing as a result of her back disorders. Following that hearing, the ALJ addressed her back disorders at steps two and three. He found that her degenerative disc disease of the cervical and lumbar spine is a severe impairment but does not meet or equal Listing 1.04.

Substantial evidence on the record as a whole supports the ALJ's finding that Franklin's back disorders do not meet or equal Listing 1.04A. If the listing only required medical evidence of degenerative disc disease, her back disorders would likely meet the listing. It requires additional medical evidence, though, specifically, evidence of "nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss ... accompanied by sensory or reflecx loss and, if there is involvement of the lower back, positive straight-leg raising test ..."

Franklin has a history of back problems and has received extensive medical attention for them, including a series of MRIs of the cervical and lumbar portions of her spine. <u>See</u> Transcript at 243-245, 292, 312, 379-380, 460-461. The results of the testing are largely consistent. They reveal disc bulging at various points on the cervical and lumbar portions of her spine and some "mild facet hypertrophy causing mild bilateral foraminal narrowing," <u>see</u> Transcript at 292, but otherwise, the results are unremarkable. Thus, there is little medical evidence to support the additional medical evidence required by Listing 1.04A.

Thus, substantial evidence on the record as a whole supports the ALJ's finding that Franklin's back disorders do not meet or equal Listing 1.04A. He could and did find that

they do not meet <u>all</u> of the specified medical criteria of the listing and she has not presented medical findings equal in severity to <u>all</u> the criteria for the listing.

<u>FRANKLIN'S SUBJECTIVE COMPLAINTS</u>. Franklin next maintains that her subjective complaints were not properly considered. She specifically maintains that "[g]iven [her] aggressive [pursuit] of treatment for her disabling spine disorders, including two surgeries, her relatively limited daily activities, and the fact that she suffers from a serious spine disorder, her allegations of disabling pain are not inconsistent with the record as a whole." <u>See</u> Document 13 at 11.

In <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1217-1218 (8th Cir. 2001), the Court of Appeals stated the following regarding the proper evaluation of subjective complaints:

> ... In evaluating subjective complaints, the ALJ must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; [the] duration, frequency and intensity of pain; [the] dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. <u>See</u> <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir.1984). Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. ...

The ALJ need not explicitly discuss each <u>Polaski v. Heckler</u> factor but "only need acknowledge and consider those factors before discounting a claimant's subjective complaints." <u>See</u> <u>Eichelberger v. Barnhart</u>, 390 F.3d 584, 590 (8th Cir. 2004).

The record reflects that the ALJ considered Franklin's subjective complaints in accordance with <u>Polaski v. Heckler</u>. He noted that although she alleged "disabling pain

and function in her spine and related areas," particularly following an August of 2008 automobile accident, her numerous MRIs show "no acute injury." See Transcript at 10. He also considered the non-medical evidence, including, but not limited to, her daily activities; the intensity of her pain; and the type, dosage, effectiveness, and adverse side-effects of her pain medication. The ALJ also noted that Franklin's meager earnings for years prior to her diagnosed back problems suggested a lack of motivation to work outside the home. As a result, he found her subjective complaints to be less than fully credible.

Substantial evidence on the record as a whole supports the ALJ's evaluation of Franklin's subjective complaints. He recognized his obligation to apply the Polaski v. Heckler factors, and he applied them properly. He considered the medical evidence and could and did find that there was little to support her assertion of disabling pain. He also considered the non-medical evidence and could and did find that it too did not support her assertion of disabling pain. First, her daily activities are unremarkable and neither support nor contradict her assertion of disabling pain. Second, she testified that medication helps her tolerate her pain. Third, her physicians have imposed few restrictions. For instance, in January of 2007, a treating physician only recommended "no heavy lifting." See Transcript at 316. Last, it was not improper for the ALJ to have noted Franklin's meager earnings for the period preceding her back problems.

The ALJ is charged with the obligation of assessing credibility, and Franklin has

-10-

offered no legitimate reason for questioning his assessment. Substantial evidence on the record as a whole supports his evaluation of her subjective complaints.

THE HYPOTHETICAL QUESTION. Franklin last maintains that the hypothetical question posed to the vocational expert did not include all of Franklin's impairments. She maintains that the question failed to include any "psychological factors," see Document 13 at 12, specifically, that she suffers from depression with anxiety.

"'[T]estimony from a vocational expert is substantial evidence [on the record as a whole] only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies.'" See McKinley v. Apfel, 228 F.3d 860, 865 (8th Cir. 2000) [quoting Taylor v. Chater, 118 F.3d 1274, 1278 (8th Cir. 1997)]. The question need not contain every impairment alleged by the claimant, see Haggard v. Apfel, 175 F.3d 591 (8th Cir. 1999), and need not contain the impairments that impose no restrictions on his "functional capabilities," see Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994).

The record reflects that several hypothetical questions were posed to the vocational expert during the administrative hearings. See Transcript at 40-44, 56-60. The questions posed by the ALJ do not appear to contain any mention whatsoever of Franklin's "psychological factors."

Substantial evidence on the record as a whole supports the ALJ's decision not to

include any "psychological factors" in his hypothetical questions. As the Court noted above, Franklin's mental impairment is not severe as it does not have more than a minimal effect on her ability to work or, alternatively, it appears to be controlled by medication. In addition, he could find that the impairment poses no restrictions on her "functional capabilities" and, therefore, it was not necessary to include it in the questions.

CONCLUSION. There is substantial evidence on the record as a whole to support the ALJ's conclusion that Franklin is not disabled within the meaning of the Act for the period from "April 23, 2006, at least through the date of [the] decision." See Transcript at 14. Accordingly, all requested relief is denied, and judgment will be entered for the Commissioner.

IT IS SO ORDERED this ___27___ day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE